IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TAMI BERNHEISEL** | : |
| **Plaintiff,** | : |
| v. | : 3:13-CV-01496 |
| | : (JUDGE MARIANI) |
| **MARTIN MIKAYA, M.D., et al.** | : |
| **Defendants.** | : |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

On December 26, 2013, Plaintiff, Tami Bernheisel, filed a Complaint against Defendant, Team Care, P.C., alleging Corporate Negligence (Count I) and Respondeat Superior (Count II). (*See* Doc. 1, 3:13-cv-3092-RDM). Plaintiff had previously commenced an action against Defendants Memorial Hospital, Inc. t/a Memorial Hospital and Martin Mikaya in June, 2013 and subsequently amended her complaint against these defendants in January, 2014, alleging Negligence against Martin Mikaya, M.D. (Count I), and Respondeat Superior and Corporate Negligence against Memorial Hospital, Inc. t/a Memorial Hospital (Counts II and III). (*See* Docs. 1, 25, 3:13-cv-1496). On February 3, 2014, the Court granted Plaintiff's motion to consolidate the two actions (Doc. 29).

Presently before the Court is Defendants' Motion for Partial Summary Judgment, filed by Martin Mikaya, M.D., Memorial Hospital, Inc., t/a Memorial Hospital, and Team

Care, P.C. (Doc. 105). Defendants request that the Court dismiss Plaintiff's claims for corporate negligence against Memorial Hospital, Inc. t/a Memorial Hospital and Team Care, P.C., as well as Plaintiff's claim for future economic damages against all Defendants. (*Id.*). In response to Defendants' motion, Plaintiff contends that the Court should deny Defendants' motion with respect to the claim for future economic damages, but voluntarily withdraws her claims of Corporate Negligence. (Doc. 108). The Court will therefore grant Defendants' motion for summary judgment with respect to the claims of Corporate Negligence.

The issues have been fully briefed and are ripe for decision. For the reasons that follow, the Court will grant in part and deny in part Defendants' Motion for Partial Summary Judgment (Doc. 105).

## II. STATEMENT OF UNDISPUTED FACTS

The Defendants have submitted a Statement of Material Facts (Doc. 106) as to which they submit there is no genuine issue or dispute for trial. However, in violation of Middle District of Pennsylvania Local Rule 56.1, Plaintiff's opposition to Defendants' motion fails to include "a separate, short and concise statement of the material facts, responding to [the moving party's statement of the material facts], as to which it is contended that there exists a genuine issue to be tried." As a result, the Court deems Defendants' entire statement of material facts to be admitted. *See M.D. Pa. Local Rule 56.1* ("All material facts set forth in the statement required to be served by the moving party will be deemed to be

admitted unless controverted by the statement required to be served by the opposing party").

Plaintiff's Amended Complaint against Martin Mikaya, M.D. and Memorial Hospital, Inc., t/a Memorial Hospital, alleges that on December 26, 2011, Plaintiff was admitted to the emergency room of Memorial Hospital and was examined by Dr. Martin Mikaya who diagnosed her as suffering from acute right otitis media and acute cellulitis of the right earlobe and that Dr. Mikaya prescribed Plaintiff an antibiotic named Augmentin. (Doc. 106, ¶ 2). Plaintiff further alleges that on December 28, 2011, she was readmitted to the emergency room of Memorial Hospital and was again examined by Dr. Martin Mikaya who diagnosed her as suffering from Bell's Palsy and cellulitis, right earlobe, that Dr. Mikaya prescribed Plaintiff with an oral corticosteroid and Tylenol #3 but did not give her any antiviral medication, and that Dr. Mikaya made a note to consider herpes zoster. (Id. at ¶¶ 3, 4). Finally, Plaintiff alleges that on January 11, 2012 she was diagnosed as suffering from herpes zoster and eventually was diagnosed as suffering from Ramsay-Hunt Syndrome as a result of a herpes zoster infection. (Id. at ¶ 5).

Within the Amended Complaint against Defendants, Dr. Martin Mikaya and Memorial Hospital, Inc., t/a Memorial Hospital, and in the Complaint filed against Team Care, P.C., Ms. Bernheisel alleges that she has "sustained and may in the future sustain work loss, wage loss, loss of opportunity, and a permanent diminution of her earning power and capacity, and claim is made therefore." (Id. at ¶ 9).

Defendants have now filed a Motion for Partial Summary Judgment, in relevant part, on the basis that Plaintiff has produced no evidence or expert report to support her claim for past and future economic damages.[1] (Doc. 106, ¶ 11).

### III. STANDARD OF REVIEW

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Therefore, the non-moving party may not oppose summary judgment simply on the basis of the pleadings, or on conclusory statements that a factual issue exists. *Anderson*, 477 U.S. at 248. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the

---

[1] Although Defendants claim that Plaintiff has not produced any evidence or expert report to support her claim for past economic damages, they only appear to request that the Court dismiss Plaintiff's claim for future economic damages and do not offer any arguments or law regarding the elements necessary to establish past economic damages. Therefore, the Court will only address the issue of Plaintiff's future economic damages.

4

materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). In evaluating whether summary judgment should be granted, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992), *cert. denied* 507 U.S. 912 (1993).

However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007). If a party has carried its burden under the summary judgment rule,

> its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Id.* (internal quotations, citations, and alterations omitted).

## IV. ANALYSIS

Defendants move for summary judgment with respect to Plaintiff's claim that she has "sustained and may in the future sustain work loss, wage loss, loss of opportunity, and a permanent diminution of her earning power and capacity" (*see* Doc. 25, ¶ 19; Doc. 1, ¶ 17 (3:13-cv-03092-RDM). Defendants argue that "Plaintiff's claim for future economic damages should be dismissed where Plaintiff has produced no evidence or expert reports to substantiate the claim for future economic damages." (Doc. 107, at 10). In addition to the alleged lack of expert reports and documentation to substantiate her claim, Defendants also argue that Plaintiff has failed to produce any evidence or expert testimony "to show that the injuries allegedly sustained in this incident are in any way related to the claim for future economic damages." (*Id.* at 11).

In Pennsylvania civil cases, the Plaintiff bears the burden of proof by a preponderance of the evidence to establish future damages. *Delahanty v. First Pennsylvania Bank, N.A.*, 464 A.2d 1243, 1257 (Pa. Super. Ct. 1983). To establish future lost earnings and lost earning capacity,

> It is settled Pennsylvania law that where there is evidence that a plaintiff has suffered disabling permanent injury, it is a jury question as to whether such injury will shorten his economic horizon and thereby result in a future loss of earning power. Although expert testimony is required to prove the permanency of a plaintiff's injury, it is not required to prove loss of earning capacity. There the plaintiff's own testimony may be sufficient.
>
> For the amount of earnings lost due to the injury, if a plaintiff proves that his or her ability to perform the duties of employment has been impaired, a jury can award damages for loss of future earning power even though the loss has

6

> not been translated by evidence into a precise monetary figure. It is sufficient for a plaintiff to provide information to enable the jury to estimate damages without engaging in speculation.

*Keifer v. Reinhart Foodservices, LLC.*, 563 Fed.Appx.112, 115 (3d Cir. 2014) (internal citations and quotation marks omitted). Furthermore, generally the "mere uncertainty as to the amount of damages will not bar recovery where it is clear that damages were the certain result of the defendant's conduct." *Pugh v. Holmes*, 405 A.2d 897, 909-910 (Pa. 1979). "The fact-finder may make a just and reasonable estimate of the damage based on relevant data, and in such circumstances may act on probable and inferential, as well as upon direct and positive proof." *Delahanty*, 464 A.2d at 1257.

Here, multiple issues of disputed material fact exist. With respect to the permanency of the injury and the injury's relationship to Plaintiff's future economic damages, Defendants in conclusory fashion state that Plaintiff has not offered any evidence to sustain her claim, and yet do not provide the Court with any argument, supporting documents, or exhibits, to demonstrate that Plaintiff's injuries may not be permanent or were not the cause of any future economic damages. In contrast, Plaintiff has offered a "Life Care Plan" (Doc. 109-2) prepared by Alex Carras Consulting, LLC, which notes the following:

1. "Dr. Mauthe opined that Ms. Bernheisel functionally is entirely dependent on assistance for selfcare and Ms. Bernheisel's problems are permanent in nature and needs are expected to be for her lifetime." (*Id.* at 7).

2. "Dr. Maitz noted that due to Ms. Bernheisel's slow processing speeds and poor motor function, she would have difficulty holding onto a job and would not perform to an employer's expectations." (*Id.*).

3. "The clinician's report indicated that Ms. Bernheisel complained of significant neuropsychological impairment *following the onset of her illness.*" (*Id.* at 8) (emphasis added).

4. According to Plaintiff, "[p]rior to the injury, [she] was physically active, running a 5K, surfing with her son, rafting, climbing rock walls, and considered herself to be physically active and healthy. Ms. Bernheisel was pursuing academic and vocational aspirations and she considered herself quite competent in accomplishing her goals." (*Id.* at 11).

In light of Defendants' failure to submit any documentation in support of their position, Plaintiff has provided sufficient evidence to create issues of material fact as to her future economic damages and whether these damages are the result of one or more of the Defendants' conduct. Furthermore, while neither party submitted any of the deposition transcript of Ms. Bernheisel, Plaintiff's own testimony at trial may be sufficient to establish some, if not all, of her future economic damages. At trial, should Plaintiff succeed in proving that her injuries are the result of Defendants' conduct, and that therefore damages may be appropriate, it will be her burden to present sufficient evidence so as to allow the fact-finder to calculate her future economic damages without engaging in mere speculation. As

Plaintiff properly points out, this may be possible through "Plaintiff's testimony about her prior work, prior income, and current inability to work. . . ." (Doc. 108, at 10). Nonetheless, although the Court will deny summary judgment on this issue, if at the close of Plaintiff's case, Defendants still believe that Plaintiff has not met one or more of the requirements of establishing liability or the elements required to establish past or future economic damages, they may make a Fed.R.Civ.P. 50(a) motion at such time.

## V. CONCLUSION

For all of the foregoing reasons, the Court will grant in part and deny in part Defendants' Motion for Partial Summary Judgment (Doc. 105).

A separate Order follows.

Robert D. Mariani
United States District Judge