# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TAMI BERNHEISEL, :
:
       Plaintiff :
:
v. : 3:13-CV-01496
: (JUDGE MARIANI)
MARTIN MIKAYA, M.D., et al. :
:
       Defendants :

## MEMORANDUM OPINION

Presently before the Court are the following three Motions in Limine filed by Plaintiff Tami Bernheisel:

1. Preclude Defendants from any Argument or Testimony Regarding Plaintiff's Mental Health, Psychological, or Psychiatric Conditions (Doc. 151)

2. Preclude Defendants' Experts from Offering Unqualified or Duplicative Testimony (Doc. 153)

3. Preclude or Limit Testimony by Lay Witnesses Hostile to the Plaintiff (Doc. 155)

The Court will address each motion in turn.

### 1. Preclude Defendants from any Argument or Testimony Regarding Plaintiff's Mental Health, Psychological, or Psychiatric Conditions

Plaintiff's first motion in limine requests that the Court preclude the defendants from any argument or testimony regarding Plaintiff's mental health, psychological, or psychiatric

conditions (Doc. 151). Plaintiff argues that each of Defendants' four experts "has tried to sneak in opinions about" psychiatric and psychological conditions.

The Court finds that it would be unfair and inappropriate to determine from snippets of the expert reports whether the particular testimonial verbiage to which Plaintiff objects is sufficiently related to a factually supported observation by the expert witness that is made within the scope of that witness's expertise. Without hearing the expert's testimony at trial, that person's credentials and qualifications, and the expertise and methodology upon which he relied, the Court cannot gauge whether the expert testimony to which Plaintiff objects is beyond the scope of the expert's area of expertise or whether the objected to observations are within the expert's area of expertise and present observations and conclusions based upon an examination of Plaintiff and her medical records, or are objectionable as irrelevant to this issues in this case.

The Court will therefore deny Plaintiff's motion without prejudice.

## 2. Preclude Defendants' Experts from Offering Unqualified or Duplicative Testimony

Plaintiff next requests that the Court preclude Defendants' experts from offering "unqualified or duplicative testimony" (Doc. 153). Plaintiff sets forth several arguments in support of this motion, specifically (1) that only Dr. Kolecki, an emergency medicine physician, is qualified to opine on the standard of care applicable to the defendants; (2) that Dr. Kolecki is not qualified to opine with respect to Plaintiff's current neurological condition;

and (3) that all four of Defendants' experts "plan to give identical causation testimony", which results in needlessly cumulative testimony. (Doc. 154, at 4-6).

With respect to Plaintiff's arguments regarding the qualifications of defendants' four expert witnesses, the Court reiterates its findings, *supra*, in its ruling on Plaintiff's motion in limine to preclude the defendants from any argument or testimony regarding Plaintiff's mental health, psychological, or psychiatric conditions.

As to the arguably cumulative testimony, the defendants argue that each of their experts "have different medical specializations and each should be permitted to give their perspective of the causation issues [and that] while there might be some overlap in their prospective testimony, their testimony is not anticipated to be identical to the other." (Doc. 161, at 10-11). Federal Rule of Evidence 403 allows a Court to exclude relevant evidence if its probative value is substantially outweighed by a danger of needlessly presenting cumulative evidence. However, where experts approach a material issue from different clinical perspectives, their testimony is not necessarily cumulative. *Klein v. Aronchick*, 85 A.3d 487, 501 n. 7 (Pa. Super. Ct. 2014).[1]

---

[1] In *Klein*, the Superior Court found that:
[Plaintiff] Klein argues that the trial court erred in allowing the defendants to present three different expert witnesses on causation. Klein contends that the testimony was cumulative . . . . Here, while all three of defendants' experts ultimately reached the same conclusion, *i.e.*, that Visicol did not cause Klein's chronic kidney disease, they approached the issue from different clinical perspectives. Jesse Goldman, M.D., was a nephrologist and internist; James R. Roberts, M.D., was a medical toxicologist; and David Kastenberg, M.D., testified as a gastroenterologist. Therefore, while their testimony may have been corroborative, it was not needlessly cumulative.
*Klein v. Aronchick*, 85 A.3d at 501 n. 7.

3

Without knowing the full qualifications and specializations of each expert witness and the contents of each expert witness's testimony, the Court is unable to determine whether any witness's testimony will prove to be cumulative.

Due to the premature nature of Plaintiff's motion in limine, the Court will deny the motion without prejudice.

### 3. Preclude or Limit Testimony by Lay Witnesses Hostile to the Plaintiff

Plaintiff's final motion in limine requests that the Court preclude or limit testimony by lay witnesses hostile to the plaintiff. (Doc. 155). Specifically, Plaintiff points to the deposition testimony of Frank Salatino and Teresa Salatino, arguing that these individuals have "minimal information relating to the issues in this case, because they rarely have any interaction with Plaintiff" (*id.* at ¶¶ 2, 3) and citing to certain portions of the deposition testimony of the Salatinos wherein they made statements including "Tami is notorious for suing people", "used to be a drug addict", and is not eating, drinking, or taking her medication because "the worse she looks, she feels that will equal more money for her" (*id.* at ¶¶ 4,5). Plaintiff further asserts that *any* testimony by the Salatinos "may require, in rebuttal, that Plaintiff take the jury through a prolonged detour regarding the reasons why Mr. and Mrs. Salatino were biased against the Plaintiff, and thus their credibility was in question" and that the probative value of any of their testimony would be barred under Federal Rule of Evidence 403. (Doc. 156, at 5).

4

In response, Defendants "agree and stipulate that no character or expert testimony will be elicited from the Salatino witnesses. Defendants concur in [Plaintiff's request] that these witnesses not provide derogatory comments including those specifically cited in Plaintiff's motion." (Doc. 163, at 1). However, Defendants object to the preclusion of these witnesses, arguing that "[t]he Salatinos are being offered as rebuttal witnesses to Plaintiff's claimed injuries and damages, which include the inability to walk" and will testify as to their "firsthand experiences with Ms. Bernheisel." (*Id.* at 2-3). In particular, Defendants state that "[a]fter some controlled factual background as to their relationship with Ms. Bernheisel, [the Salatinos'] testimony will be limited to their respective personal interactions and observations of Ms. Bernheisel from the date of loss until the present." (*Id.* at 3).

Under the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible unless otherwise provided by the Constitution, federal statute, Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. Even if the Court deems the relevant evidence to be admissible, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

In accordance with the Federal Rules, there is no question or dispute that the Salatinos will be precluded from testifying as to any issue on which they lack personal knowledge of the subject matter about which he or she is called upon to testify. However, at this stage in the proceedings, the Court cannot determine what testimony the Defendants may attempt to elicit, as well as whether the witness possesses the requisite personal knowledge to be permitted to offer the testimony and the relevance of any such testimony. As such, without knowing the contents of this testimony, the Court is unable to determine whether the witnesses' testimony will be sufficiently prejudicial to cause its exclusion under Rule 403.

A request that the Court find that the probative value of the Salatinos' testimony is substantially outweighed by a danger of unfair prejudice is thus premature. In accordance with the parties' agreement, the Court will grant Plaintiff's motion in limine to the extent that it seeks to preclude these witnesses from offering character testimony or testifying on any issue of which they lack personal knowledge. In all other respects, the Court will deny Plaintiff's motion in limine without prejudice. If Defendants offer testimony at trial that Plaintiff considers inadmissible, she is free to raise her objections at that point, at which time the Court can better evaluate the testimony's admissibility and prejudicial value in light of its content and purpose.

## 4. Conclusion

For the foregoing reasons, Plaintiff's motions in limine (Docs. 151, 153, 155) will be decided as set forth in this Memorandum Opinion. A separate Order follows.

Robert D. Mariani
United States District Judge