IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TAMI BERNHEISEL,  :
  :
        Plaintiff  :
  :
v.  : 3:13-CV-01496
  : (JUDGE MARIANI)
MARTIN MIKAYA, M.D., et al.  :
  :
        Defendants  :

## MEMORANDUM OPINION

Presently before the Court are the following eight Motions in Limine filed by Defendants Martin Mikaya, M.D., Memorial Hospital, Inc. t/a Memorial Hospital and Team Care, P.C.:

1. Bifurcate Trial With Respect to Liability and Damages (Doc. 132)

2. Preclude Expert Witness Testimony from Dr. Maitz (Doc. 134)

3. Preclude Testimony from Plaintiff Expert Witnesses not Produced in Discovery (Doc. 136)

4. Preclude Recovery for Past Medical Expenses (Doc. 138)

5. Preclude Plaintiff's Expert Witnesses from Referencing Dr. Maitz's Report and Conclusions (Doc. 140)

6. Preclude/Limit Future Medical Expense Damages (Doc. 142)

7. Preclude Recovery for Future Economic Damages (Doc. 144)

8. Preclude Plaintiff from Recovering Future Medical Expenses for Failure to Produce Economist Expert (Doc. 147)

The Court will address each motion in turn.

### 1. Bifurcate Trial With Respect to Liability and Damages

Defendants' first motion in limine requests that the Court bifurcate the trial with respect to liability and damages. (Doc. 132).

Pursuant to Federal Rule of Civil Procedure 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims. . . ." Fed. R. Civ. P. 42(b). Thus, "before a decision to bifurcate may be made, the trial court, in the exercise of its discretion, must weigh the various considerations of convenience, prejudice to the parties, expedition, and economy of resources." *Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984) (citing *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978)). Further, a district court has "broad discretion" in determining whether to separate the issues of liability and damages. *Idzojtic v. Pennsylvania R. Co.*, 456 F.2d 1228, 1230 (3d Cir. 1972). The moving party bears the burden of establishing that bifurcation is appropriate. *Stemrich v. Zabiyaka*, 2014 WL 931069, * 1 (M.D. Pa. 2014) (citing *Innovative Office Prods., Inc. v. Spaceco, Inc.*, 2006 WL 1340865, *1 (E.D.Pa. 2006)).

Defendants' principal reason for requesting bifurcation is to "expedite trial and deal with the particular issue of Plaintiff's future medical expense claim only when it becomes necessary." (Doc. 132, at ¶ 2). Defendants argue that bifurcation is necessary because

> If this proceeds to trial on both liability and damages, the jury will hear the significant monetary amounts in connection with their determination of liability and the Court will have to make a determination as legal issues including whether Plaintiffs' Life Care Plan is admissible, whether the medical expenses should be repriced and whether the annuity or trust pursuant to the *Pennsylvania Medical Care Availability and Reduction of Error Act*, 40 P.S. § 1303.101, et seq. is adequately funded to meet Ms. Bernheisel's needs. . . .

(Doc. 133, at 3).

First, Defendants only summarily mention a possibility of prejudice, and provide the Court with no explanation as to how, or why, this may be an issue. (*See* Doc. 133, at 4). Therefore, short of engaging in speculation, the Court cannot know what prejudice Defendants are concerned they may suffer. We thus do not consider this to form any basis for Defendants' motion to bifurcate.

With respect to Defendants' concern that the Court may have to make several additional legal determinations should the Court not bifurcate the trial, the Court is prepared to do so, and does not consider the necessity of making such determinations to be a significant burden on judicial resources. Further, because in this same memorandum opinion the Court will deny Defendants' motion to preclude Alex Karras, one of Plaintiff's expert witnesses, from testifying and deny Defendants' request that it mold any verdict by

3

the jury with respect to future medical expenses, certain issues that may have arisen at trial have already been ruled upon and resolved.

Defendants' most persuasive argument relates to the amount of time that this trial may take. Defendants contend that if the trial were bifurcated, "[t]he liability and causation portion of the case can be concluded within six days", whereas "if this case proceeds without bifurcation, it will be more [than] ten trial days . . . . " (Doc. 133, at 4). Plaintiff's brief in opposition to Defendants' motion does not contest these estimations. (See Doc. 166). However, these estimates are necessarily somewhat speculative.[1] More importantly, the issues of liability and damages in this case are sufficiently intertwined that it would be difficult to clearly separate these issues, raising a strong possibility of renewed objections during trial as to the content of certain witnesses' testimony and potentially requiring certain witnesses to be called multiple times should the jury determine that one or both of the Defendants is liable during the first phase of the trial. See e.g. Stemrich, 2014 WL 931069, at * 3 ("Every civil trial contains questions of liability and damages; indeed, an element of a negligence claim is that the plaintiff suffered actual damages. . . . Furthermore, the court finds that the issues of negligence and consequential damages are inextricably linked, such that a bifurcation would quite possibly create needless repetition of presentation of evidence and testimony, costing additional time and resources.").

---

[1] For example, Defendants' pretrial memorandum estimates that the trial will last 7-9 days. (Doc. 182, at 5). Further, subsequent to the pre-trial conference held on held on July 26, 2016, where the Court informed the parties that the motion to bifurcate would be denied, Plaintiff advised the Court that her "case-in-chief is expected to be concluded by the lunch break on Wednesday, August 17th, if not potentially sooner. . . ." (Doc. 195, at 6).

4

Upon consideration of Defendants' argument, the Court concludes that Defendants have not met their burden of establishing that bifurcation is necessary, including a showing that they would suffer prejudice if their motion was denied, or that bifurcation would sufficiently expedite this action or economize resources such as to justify bifurcation. The Court will thus deny Defendants' motion to bifurcate the trial.

### 2. Preclude Expert Witness Testimony from Dr. Maitz

Defendants' second motion in limine requests the preclusion of expert witness testimony from Dr. Maitz (Doc. 134) for failure to comply with Federal Rule of Civil Procedure 26. Because of Plaintiff's submission in her Trial Memorandum wherein she specifically notifies the Court that she will not call Dr. Maitz and that this therefore "renders two of Defendants' motions in limine, ECF 134 and 140, unopposed and any reference to Dr. Maitz should be limited and/or struck" (Doc. 195, at 3), the Court will grant Defendants' motion. We wish to note, however, that by doing so, we express no opinion on the merits of Defendants' motion.

### 3. Preclude Testimony from Plaintiff Expert Witnesses not Produced in Discovery

Defendants next request that the Court preclude testimony from Plaintiff's expert witnesses not produced in discovery. (Doc. 136). Defendants argue that Plaintiff has not submitted supplemental expert witness reports from any of her identified expert witnesses

despite receiving Defendants' expert reports and therefore testimony not consistent with the previously provided Plaintiff expert witness reports should be precluded. (*Id.* at ¶¶ 4, 5, 6).

Federal Rule of Civil Procedure 26(e) requires a party who has made a Rule 26(a) disclosure to supplement or correct its disclosure "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). With respect to expert witnesses whose reports were disclosed under Rule 26(a)(2)(B), as is the case in the present action, "the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." *Id.* at 26(e)(2).

Defendants' motion in limine appears based at this point on the unfounded assumption that something will be said by Plaintiff's experts at variance with their reports. Defendants' request that Plaintiff be precluded "from producing any expert witness testimony at the time of trial, inconsistent with the expert witness reports" (Doc. 137, at 3) is a premature attempt to limit the testimony of Plaintiff's experts, without evidence that these experts have any intention of offering testimony inconsistent with their disclosed reports. Defendants are requesting a ruling on a dispute which has yet to be presented to the Court

in a posture where the disputed testimony is before the Court and may be ruled upon after timely objection.

To the extent that the reports of any of the expert witnesses are determined to be incorrect or incomplete in a material respect, and further to the extent that Plaintiff failed to supplement in accordance with Rule 26(e), then Defendants would be entitled to object to such an attempt at trial to supplement and may be entitled to a remedy under Federal Rule of Civil Procedure 37 if the objection were sustained. However, the Court at this juncture has insufficient facts before it to determine whether Plaintiff was required to supplement her expert reports because any of them was incomplete or incorrect in a material respect.

The Court therefore finds it necessary to defer ruling on this motion until trial and until such time as an objection is raised by Defendants on the basis that any one of Plaintiff's designated experts is attempting to offer testimony inconsistent with the report he issued.

### 4. Preclude Recovery for Past Medical Expenses

Defendants' fourth motion in limine requests that the Court preclude recovery for past medical expenses (Doc. 138).

Pennsylvania law requires a plaintiff "to produce evidence which establishes, with a fair degree of probability, a basis for assessing damages." *Wujcik v. Yorktowne Dental Assocs. Inc.*, 701 A.2d 581, 584 (Pa. Super. Ct. 1997) (citing *Schoenenberger v. Hayman*, 465 A.2d 1335, 1339 (Pa. Commw. Ct. 1983)). A plaintiff does not need to

establish the precise amount of damages incurred as "[i]t is well established that mere uncertainty as to the amount of damages will not bar recovery where it is clear that damages were the certain result of the defendant's conduct." *Pugh v. Holmes*, 405 A.2d 897, 909-910 (Pa. 1979). Thus, to prove special medical damages in a personal injury action, a plaintiff must establish "(1) medical services were rendered; (2) the reasonable charges for those [medical] services; (3) that the services rendered were necessary; and (4) that the medical services rendered were related to the injury that occurred." *Phillips v. Gerhart*, 801 A.2d 568, 575 (Pa. Super. Ct. 2002) (citing *Ratay v. Liu*, 260 A.2d 484, 486 (Pa. Super. Ct. 1969)). A physician may testify as to the reasonableness of medical charges for services rendered by other doctors and hospitals. *Ratay*, 260 A.2d at 486.

Defendants' motion is an attempt to have this Court preclude certain testimony and documentary evidence prior to knowing the contents of each and to deprive Plaintiff of her opportunity to present the proof necessary to carry her burden. Pennsylvania law requires admissible evidence to show that the medical costs incurred by Plaintiff were for necessary medical services for the treatment of harm sustained by Plaintiff as a result of the defendants' alleged medical malpractice as well as evidence establishing that the costs are reasonable. It remains to be seen whether Plaintiff will present such evidence at trial and whether she succeeds in doing so is manifestly an issue that should be addressed at trial during or at the conclusion of Plaintiff's case in chief. Accordingly, the Court will defer ruling on Defendants' motion until trial with the understanding that it is Defendants' obligation to

make the appropriate objection or motion should it deem Plaintiff to have failed in her burden of proof.

## 5. Preclude Plaintiff's Expert Witnesses from Referencing Dr. Maitz's Report and Conclusions

Defendants' next motion in limine requests that the Court preclude Plaintiff's expert witnesses from referencing Dr. Maitz's report and conclusions (Doc. 140). Just as with Defendants' motion in limine to preclude Dr. Maitz's testimony, because of Plaintiff's submission in her Trial Memorandum wherein she specifically notifies the Court that she will not call Dr. Maitz and therefore states that "this renders two of Defendants' motions in limine, ECF 134 and 140, unopposed and any reference to Dr. Maitz should be limited and/or struck" (Doc. 195, at 3), the Court will grant Defendants' motion. We again wish to note, however, that by doing so, we express no opinion on the merits of Defendants' motion.

## 6. Preclude/Limit Future Medical Expense Damages

Defendants' sixth motion in limine requests that the Court preclude or limit Plaintiff's future medical expense damages (Doc. 142). Defendants' motion makes three requests: (1) preclude Alex Karras, one of Plaintiff's expert witnesses, from testifying; (2) in the alternative, hold a separate hearing "on the proper award of future medical expenses" if there is a finding of liability and damages; and (3) if there is not a separate hearing, then the Court should allow Defendants to cross-examine Karras and introduce evidence pertaining to Medicaid, Medicare, and the Affordable Care Act ("ACA"). (Doc. 143, at 3-13).

Under the Medical Care Availability and Reduction of Error Fund ("MCARE"), the trier of fact should make a determination for future damages for "medical and other related expenses by year". 40 P.S. §1303.509(a)(2)(i). When considering future damages, the trier of fact "may incorporate into any future medical expense award adjustments to account for reasonably anticipated inflation and medical care improvements as presented by competent evidence." *Id.* at §1303.509(b)(2). However, the collateral source rule precludes counsel from pursuing certain inquiries, including raising an individual's access to Medicare, Medicaid, and benefits under the Affordable Care Act. In *Deeds v. University of Pennsylvania Medical Center*, the Superior Court addressed this very issue, finding that comments suggesting that Plaintiff's medical costs were being covered by Medicaid and the ACA "and that she did not require (and accordingly could not properly seek) any additional compensation" was a "patent violation of the collateral source rule", requiring that the Court remand the case to the lower court for a new trial. 110 A.3d 1009, 1013 (Pa. Super. Ct. 2015). The Court explained that "the Trustees' argument that [Plaintiff's] medical needs are currently being met may well have permitted Appellees impermissibly to benefit from the fortuitous existence of a collateral remedy." *Id.* at 1014 (internal quotation marks omitted). *See also, Cordes v. United States*, 2015 WL 10986360 (W.D. Pa. 2015)(denying Defendants' motion in limine to permit testimony and cross-examination regarding the ACA).

With respect to Defendants' first request, Karras will not be precluded from testifying, nor will his life care plan be precluded at trial. Defendants' argument, that "Plaintiff is, and

10

will be for the remainder of her life, entitled to health care benefits, whether it be through Medicaid, Medicare or the ACA" and therefore Plaintiff "will never face paying the charges listed in Mr. Karras' Life Care Plan", and the Court should thus reject "as a matter of law . . . the methodology of Mr. Karras" is unsupported by any case law and, despite Defendants' argument to the contrary, speculative.

Further, the Court will deny Defendants' request that the Court mold any damages awarded by a jury for future medical expenses. It does so because Defendants' rationale for molding is unclear and the concept of "molding" [2] does not appear to have any application where the basis on which it is sought is contrary to the collateral source rule as explained above.

---

[2] See Krock v. Chroust, 478 A.2d 1376, 1380-1381 (Pa. Super. Ct. 1984) ("It is beyond peradventure that the trial judge has the power to mold a jury's verdict. Fish v. Gosnell, 316 Pa.Super. 565, 463 A.2d 1042 (1983); Ferrick Excavating & Grading v. Senger Trucking Co., 315 Pa.Super. 69, 461 A.2d 800 (1983). However, the verdict to be molded must manifest a clear intent on the part of the jury. Where the intention of the jury is far from obvious, the verdict should be returned to the jury for further deliberations or a new trial should be granted. House of Pasta, Inc. v. Mayo, 303 Pa.Super. 298, 307, 449 A.2d 697, 701 (1982). 'The power to mold or more precisely amend a jury's verdict is merely a power to "make the record accord with the facts, or to cause the verdict to speak the truth."' Id. quoting Standard Pennsylvania Practice. (Rev.Ed.) Ch. 27, § 72. If the trial judge must assume facts which cannot be discerned from the verdict, then the verdict should not be molded. May v. Pittsburgh Railways Co., 209 Pa.Super. 126, 129, 224 A.2d 770, 772 (1966).").
See also Mendralla v. Weaver Corp., 703 A.2d 480, 485-486 (Pa. Super. Ct. 1997) ("'It is well settled that a trial court in this Commonwealth has the power to mold a jury's verdict to conform to the clear intent of the jury.' Mitchell v. Gravely International, Inc., 698 A.2d 618 (Pa.Super. 1997) (quoting House of Pasta, Inc. v. Mayo, 303 Pa.Super. 298, 307, 449 A.2d 697, 701 (1982)). The rationale supporting this discretion is that '[v]erdicts which are not technically correct in form but which manifest a clear intent on the part of the jury may be corrected without resort to further jury deliberations or the grant of a new trial.' House of Pasta, 303 Pa.Super. at 307, 449 A.2d at 701. While a trial court has discretion in deciding whether to mold a verdict, it must nonetheless adhere to the principle that a verdict may only be molded where the intention of the jury is clear.").

11

With respect to Defendants' third argument, that the Court should allow Defendants to cross-examine Karras and introduce evidence pertaining to Medicaid, Medicare, and the ACA, as the aforementioned case law makes clear, allowing such cross-examination or introduction of such evidence through an expert called by Defendants would violate the collateral source rule. The Court will therefore deny this request.

### 7. Preclude Recovery for Future Economic Damages

Pursuant to the statement of Plaintiff's counsel at the pre-trial conference in the above-captioned case, held on July 26, 2016, that he does not oppose Defendants' motion in limine to preclude recovery for future economic damages (Doc. 144), the Court will grant Defendants' motion.

### 8. Preclude Plaintiff from Recovering Future Medical Expenses for Failure to Produce Economist Expert

Defendants' final motion in limine requests that the Plaintiff be precluded from recovering future medical expenses for failure to produce an economist expert (Doc. 147).

Under Pennsylvania law,

> It is well-settled that "[a]n item of damage claimed by a plaintiff can properly be submitted to the jury only where the burden of establishing damages by proper testimony has been met." *Cohen v. Albert Einstein Medical Center,* 405 Pa.Super. 392, 410, 592 A.2d 720, 729 (1991). In the context of a claim for future medical expenses, the movant must prove, by expert testimony, not only that future medical expenses will be incurred, but also the reasonable estimated cost of such services. *Id. See also, Berman v. Philadelphia Board of Education,* 310 Pa.Super. 153, 161-65, 456 A.2d 545, 550-51 (1983). Because the estimated cost of future medical services is not within the layperson's general knowledge, the requirement of such testimony

eliminates the prospect that the jury's award will be speculative. *Cohen*, 405 Pa. Super. at 410-11, 592 A.2d at 729.

*Mendralla v. Weaver Corp.*, 703 A.2d 480, 485 (Pa. Super. Ct. 1997).

Pursuant to MCARE, "future damages for medical and other related expenses shall be paid as periodic payments after payment of the proportionate share of counsel fees and costs based upon the present value of the future damages awarded pursuant to this subsection." 40 P.S. § 1303.509(b)(1). Relying on this language, Defendants argue that any of Plaintiff's recoverable future medical expenses must be reduced to their present value and, in the absence of expert testimony by an economist "on relevant discount/ investment opportunities which future cost of medical payments may be reduced by", evidence as to the cost of future medical expenses should be precluded. (Doc. 148, at 5).

In *Late v. U.S.*, the District Court analyzed section 1303.509 of MCARE and found that the statute only required a reduction to present value for the purpose of determining counsel fees and costs, but not the periodic payments for future medical and related expenses. *Late v. U.S.*, 2014 WL 4058937 (M.D. Pa. 2014). The Court further reasoned that "where the award is not payable by lump-sum up front but rather incrementally in the future, the awardee is not provided the opportunity to safely invest the money and earn interest, thus negating the purpose of reducing the award to present value to avoid over-compensating the aggrieved party." *Late*, 2014 WL 4058937, at *3.[3]

---

[3] Further support for this Court's ruling may be had by reference to § 1303.510 of MCARE. There, the legislature made clear that future damages for loss of earnings or earning capacity "shall be reduced to present value based upon the return that the claimant can earn on a reasonably secure fixed income

13

This Court agrees with the reasoning of *Late* and Defendants offer no contrary authority on the construction of § 1303.509 of MCARE.[4]

Consequently, the Court will deny Defendants' motion in limine to preclude Plaintiff from recovering future medical expenses for failure to produce an economist expert.

## 9. Conclusion

For the foregoing reasons, Defendants' motions in limine (Docs. 132, 134, 136, 138, 140, 142, 144, 147) will be decided as set forth in this Memorandum Opinion. A separate Order follows.

Robert D. Mariani
United States District Judge

---

investment." 40 P.S. § 1303.510. Thus, where the legislature intended that a component of damages be reduced to present value, it expressly so provided. No such clear instruction of reduction to present value, however, may be found in § 1303.509 with respect to future damages for medical expenses.

[4] Plaintiff and Plaintiff's counsel should understand that this opinion does not address the proper calculation of attorney's fees should Plaintiff be awarded at trial damages for future medical expenses. The existing case law, though sparse, indicates that the proper calculation of fees in circumstances where an award of future medical expenses is made by a jury requires that those future medical damages payable annually under 40 P.S. § 1303.509(b) are to be reduced to their present value for purposes of calculating Plaintiff's counsel's attorney's fees which are to be based on the present value of this future damage award, a finding which Plaintiff agrees with (*see* Doc. 177, at 4 (arguing that the language "the present value of the future damages" found in 40 P.S. 1303.509(b)(1) "applied only [to] the calculation of counsel fees and costs, not to the payment of damages to the plaintiff.")). Nonetheless, this interpretation of 1303.509 with respect to the calculation of attorney's fees is not a matter before this Court at this time and indeed may not be an issue within this Court's jurisdiction. What is before the Court on Defendants' motion in the proper interpretation of § 1303.509 and we find that this section does not require that any award of future medical expenses must be reduced to present value in order for the jury to award such damages or for the Court to enter judgment on this award.